IN THE SUPREME COURT OF THE STATE OF NEVADA

JIM HWA CHEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77077

**FILED**

JAN 2 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault against a child under 14 years and 5 counts of lewdness with a child under 14 years. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Appellant Jim Hwa Chen and his now-ex-wife Karen began fostering G., the victim, when she was four years old and adopted her when she was six. Chen allegedly began sexually abusing G. while Karen was away on weekends and continued to do so through G.'s early adolescence. Chen and G. also went to hot springs together where G. would sometimes be nude and Chen would always be nude and visibly aroused.

G. disclosed the abuse to a friend when she was 18 and again to a nurse while hospitalized. The nurse notified the police and G. provided a statement to a detective but chose not to pursue charges. When she contacted the police two years later in order to reopen the case, detectives arranged a surveilled and recorded meeting between G. and Chen at a restaurant. Chen admitted abusing G. and detectives arrested him. He admitted further abuse during interrogation.

The State charged Chen with sexual assault against a child under 14 years and 7 counts of lewdness with a child under 14 years.

20-03808

During the four-day jury trial, the State presented testimony from detectives about Chen's admissions during the meeting and interrogation, and testimony from G. about several instances of abuse, Chen's arousal at the hot springs, and his admissions to her about the abuse. At a pretrial evidentiary hearing, Chen had objected to the hot springs evidence as prior bad act evidence but the court found that it was admissible as evidence of his sexual attraction to G. Chen presented no witnesses or evidence at trial.

The jury found him guilty on all counts except two that the State admitted that it had failed to prove. On the sexual assault conviction, the district court sentenced him to life with the possibility of parole after 20 years, and on each of the lewdness charges, it sentenced him to consecutive life terms with the possibility of parole after 10 years for an aggregate total of 70 years to life.

Chen now appeals, arguing that (1) the district court abused its discretion by admitting the hot springs evidence and (2) the prosecutor committed misconduct when she admitted that the State failed to prove the elements of two of the charged crimes and asked the jury to find him not guilty on those counts, which he argues was an implicit opinion of his guilt of the other crimes and an avouchment for the witnesses who testified about those crimes. We disagree with both of his arguments.

*The district court did not manifestly abuse its discretion by admitting the hot springs evidence*

Chen argues that the district court erred by admitting the hot springs evidence. The court determined that the evidence was relevant because it tended to prove Chen's sexual attraction to G., but Chen seems to argue that it was not relevant because his arousal may have been attributable to someone other than G. He also argues that the evidence was unfairly prejudicial.

NRS 48.045(2) prohibits the use of "[e]vidence of other crimes, wrongs or acts . . . to prove the character of a person in order to show that the person acted in conformity therewith." Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* "A presumption of inadmissibility attaches to all prior bad act evidence." *Rosky v. State*, 121 Nev. 184, 195, 111 P.3d 690, 697 (2005). To overcome that presumption, the State must "establish that: (1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012). We review a district court's admission of such evidence for a manifest abuse of discretion. *Id.* "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)).

Because Chen challenges the hot springs evidence under only the first and third *Bigpond* prongs, we limit our analysis accordingly.

*Relevance and purpose*

Under the first prong, the evidence must be "relevant to the crime charged and for a purpose other than proving the defendant's propensity." *Bigpond*, 128 Nev. at 117, 270 P.3d at 1250. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015.

The district court found that the hot springs evidence was admissible because it showed that Chen was sexually attracted to G. The court also provided a limiting instruction before admitting the evidence and again at the trial's end, explaining to the jury that it could not consider the evidence as proof of Chen's propensity, but only as proof of his motive, intent, common plan, or scheme.

We conclude that the evidence was relevant and that the State offered it for a purpose other than proving Chen's propensity. A defendant's sexual attraction to a victim he is alleged to have sexually abused is a fact of consequence, and G.'s testimony that Chen was visibly aroused on multiple occasions when she was nude or wore a swimsuit tends to make the existence of that fact more probable than it would be without that evidence. And the State did not offer it to prove Chen's propensity for sexual assault and lewdness, but simply his sexual attraction to G., the expression of which may have been his motive or intent in committing those crimes. *See Ledbetter v. State*, 122 Nev. 252, 263, 129 P.3d 671, 679 (2006) (holding that evidence of sexual abuse of young female relatives was relevant to establish the defendant's motive to sexually abuse his young stepdaughter). We thus conclude that the district court did not manifestly abuse its discretion under the first prong.

*Prejudice*

Under the third prong, "the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice." *Bigpond*, 128 Nev. at 117, 270 P.3d at 1250.

In response to Chen's apparent allusion to the third prong at the evidentiary hearing, the district court found that "[i]n light of all the charges . . . , [Chen's alleged behavior at the hot springs] seems to be de minimis activity."

We conclude that the danger of unfair prejudice did not outweigh the probative value. The danger of unfair prejudice was minimal because the State presented such a strong case against Chen, including evidence of his admissions to sexually abusing G.[1] *See Ledbetter*, 122 Nev. at 263, 129 P.3d at 679 (holding that the danger of unfair prejudice "was minimal" because of "the overall strength of the State's case"). The limiting instructions also reduced the danger of unfair prejudice. And because the evidence explained Chen's possible motive or intent, it was highly probative. *See id.* (holding that the probative value of explaining a defendant's motive for sexually abusing a young relative is "very high"). We thus conclude that the district court did not manifestly abuse its discretion by admitting the hot springs evidence.

*The prosecutor did not commit misconduct*

Chen argues that the prosecutor committed misconduct by "implicitly declar[ing] her personal opinion of [Chen's] guilt" and "implicitly vouch[ing] for the credibility of her witnesses" when she admitted that the State failed to prove two charges and asked the jury to find Chen not guilty

---

[1]G. testified that Chen described himself as "a monster" and apologized to her. A detective testified that during the surveilled and recorded meeting at the restaurant, Chen admitted his fear "of what [he] did," his understanding that he "ruined [G.'s] life," and his desire to "undo all of this." Another detective testified that Chen admitted during interrogation that the circumstances of the sexual assault charge "sound[ed] familiar," "that he may have guided [G.'s] hand to masturbating him," that he would not deny G.'s account of him touching her vagina, and that he may have also touched her vagina in a separate incident. This overwhelming evidence not only minimized the danger of unfair prejudice, but made any theoretical error in admitting the hot springs evidence harmless. *See Richmond v. State*, 118 Nev. 924, 934, 59 P.3d 1249, 1255 (2002) (holding that erroneous admission of prior bad act evidence is harmless "where overwhelming evidence supports the conviction").

on those two counts. He concedes that he did not object at trial and that this court should thus review for plain error, but he does not explain how the district court plainly erred or how any such error prejudiced him or caused a miscarriage of justice.

"Any expression of opinion on the guilt of an accused is a violation of prosecutorial ethics." *Yates v. State*, 103 Nev. 200, 203, 734 P.2d 1252, 1254 (1987). "The prosecution may not vouch for a witness; such vouching occurs when the prosecution places 'the prestige of the government behind the witness' by providing 'personal assurances of [the] witness's veracity.'" *Browning v. State*, 120 Nev. 347, 359, 91 P.3d 39, 48 (2004) (alteration in original) (quoting *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (internal quotation marks omitted)).

When an appellant argues that a prosecutor committed misconduct but failed to object at trial, we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). "Under that standard, an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice.'" *Id.* (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)).

Here, the prosecutor admitted during the State's closing argument that the State had failed to prove two of the lewdness charges because G. was unable to recall specific details of the alleged acts when she testified. After discussing the evidence supporting the other six charges, the prosecutor asked the jury to find Chen not guilty of the two unproven charges and guilty of the other six.

Because the prosecutor did not expressly opine or state that Chen is guilty or not guilty of any crime, or expressly provide personal

assurances of any witness's credibility, she did not commit misconduct by expressing an opinion of guilt or vouching for any witness. Further, any such misconduct would not require reversal because Chen fails to demonstrate actual prejudice or a miscarriage of justice. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Jerome M. Polaha, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A